UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: _____

**ESTATE OF LUIS RODRIGUEZ**, by
and through **SOCORRO RODRIGUEZ**,
Personal Representative, and **SOCORRO
RODRIGUEZ**, individually.
Pro Se Litigant
       Plaintiff,
vs.

**ROYAL CARIBBEAN CRUISES, LTD.**,
a Liberian corporation,

    Defendant.
_____/



FILED BY _____ D.C.

OCT 28 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Plaintiffs, the ESTATE OF LUIS RODRIGUEZ, by and through SOCORRO RODRIGUEZ as Personal Representative, and SOCORRO RODRIGUEZ, individually (collectively, "Plaintiffs"), by and through undersigned counsel, hereby sue Defendant ROYAL CARIBBEAN CRUISES, LTD. ("RCCL" or "Defendant"), and allege as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action for damages exceeding $75,000, exclusive of interest, costs, and attorney fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h). The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and the forum selection clause in the Passenger Ticket Contract.

4. At all material times, Plaintiff SOCORRO RODRIGUEZ was and is a citizen of the United States and a resident of Nevada, now residing in California.

5. At all material times, LUIS RODRIGUEZ, deceased, was a citizen of the United States and a resident of Nevada.

6. Plaintiff SOCORRO RODRIGUEZ is the surviving spouse of LUIS RODRIGUEZ and has been duly appointed as the Personal Representative of the ESTATE OF LUIS RODRIGUEZ.

7. Defendant RCCL is a foreign corporation with its principal place of business in Miami, Florida.

## GENERAL ALLEGATIONS

1. On or about October 16, 2023, LUIS RODRIGUEZ and SOCORRO RODRIGUEZ embarked on a cruise aboard the Navigator of the Seas, a vessel owned and operated by RCCL.

2. On October 22, 2023, at approximately 8:00 AM, while the vessel was docked in Ensenada, Mexico, LUIS RODRIGUEZ suffered a severe stroke in his stateroom.

3. Although Mr. Rodriguez held travel insurance that included emergency medical evacuation coverage of up to $50,000, RCCL failed to arrange for immediate evacuation to a suitable medical facility.

4. RCCL's medical staff claimed that they were unable to stabilize Mr. Rodriguez and arranged for his transfer to a local clinic in Ensenada, which was not adequately equipped to handle his medical emergency.

5. RCCL failed to follow proper stroke protocols, including the timely administration of tissue plasminogen activator (t-PA), which could have mitigated the damage caused by the stroke.

6. A significant delay in treatment ensued, with over three hours elapsing before an ambulance arrived to transport Mr. Rodriguez.

7. The ambulance made an unnecessary stop at an imaging center for a CT scan, causing further delays before finally transporting him to the clinic.

8. RCCL's decision to transfer Mr. Rodriguez to an inadequate clinic rather than arranging for an emergency medical evacuation to a specialized hospital in San Diego, California, significantly contributed to his deterioration and eventual death.

9. Mr. Rodriguez passed away on October 27, 2023, at UC San Diego Medical Center, after suffering multiple strokes and extensive neurological damage.

## COUNT I: NEGLIGENT MEDICAL CARE AND TREATMENT

1. At all material times, RCCL owed a duty of reasonable care to its passengers, including LUIS RODRIGUEZ.

2. RCCL breached its duty in the following ways:

3. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

   a) Failing to provide adequate medical care aboard the vessel;

   b) Failing to follow proper stroke protocols;

   c) Failing to arrange for timely emergency medical evacuation;

   d) Transferring Mr. Rodriguez to an inadequate medical facility;

3

e) Failing to properly utilize available insurance coverage for evacuation;

f) Failing to have properly trained medical staff aboard the vessel;

g) Failing to maintain adequate medical equipment and supplies; and

h) Failing to properly communicate with Mr. Rodriguez's family regarding his condition and available treatment options.

4. As a direct and proximate result of RCCL's negligence, LUIS RODRIGUEZ suffered severe injuries, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of enjoyment of life, medical expenses, and death.

5. The ESTATE OF LUIS RODRIGUEZ has suffered the loss of net accumulations. Additionally, SOCORRO RODRIGUEZ has experienced the loss of support, services, companionship, and protection, as well as mental pain and suffering resulting from her husband's death.

WHEREFORE, Plaintiffs demand judgment against RCCL for compensatory damages, costs, and any other relief deemed proper by the Court.

## COUNT II - VICARIOUS LIABILITY (ACTUAL AGENCY)

1. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

2. At all relevant times, the ship's doctor and nurse were acting as actual agents or employees of RCCL within the scope of their employment.

3. RCCL is vicariously liable for the negligence of its medical staff under the principles of respondeat superior and the precedent established in Franza v. Royal Caribbean Cruises, Ltd., 772 F.3d 1225 (11th Cir. 2014).

4

4. As a result of the medical staff's negligence, for which RCCL is vicariously liable, LUIS RODRIGUEZ suffered injuries and death, and Plaintiffs sustained damages.

WHEREFORE, Plaintiffs demand judgment against RCCL for compensatory damages, costs, and any other relief deemed proper by the Court.

## COUNT III – VICARIOUS LIABILITY (APPARENT AGENCY)

1. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

2. RCCL represented to its passengers, including LUIS RODRIGUEZ, that the ship's medical staff were its agents or employees.

3. Mr. Rodriguez reasonably relied on these representations to his detriment.

4. RCCL is liable for the negligence of its apparent agents under the principles of apparent agency, as recognized in Franza v. Royal Caribbean Cruises, Ltd., 772 F.3d 1225 (11th Cir. 2014).

WHEREFORE, Plaintiffs demand judgment against RCCL for compensatory damages, costs, and any other relief deemed proper by the Court.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiffs reallege and incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

2. SOCORRO RODRIGUEZ was within the zone of danger when she witnessed her husband suffer a stroke and receive inadequate care.

3. As a result, SOCORRO RODRIGUEZ suffered severe emotional distress, mental anguish, and psychological trauma.

WHEREFORE, Plaintiffs demand judgment against RCCL for compensatory damages, costs, and any other relief deemed proper by the Court.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiffs demand a trial by jury on all issues so triable against RCCL, judgment for compensatory damages, costs, and other relief deemed proper by the Court.

Dated: October 21, 2024

Respectfully submitted,

*[signature: Socorro Rodriguez]*

**SOCORRO RODRIGUEZ**
**Pro Se Litigant**
**ESTATE OF LUIS RODRIGUEZ**, by and through
**SOCORRO RODRIGUEZ**, Personal Representative,
and **SOCORRO RODRIGUEZ**, individually
**3181 Fernrest Pl**
**Thousand oaks ca 91362**
**714-417-6669  fax 714-439-9105**
**RichRc.Rich@Gmail.com**

6